## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUSSEL GAGE, as Special Administrator of the Estate of Jerry Dayle Gage, RUSSEL GAGE, ROBBIE GAGE, and BRANDON GAGE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-23-889-PRW |
| POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST, BREONNA R. THOMPSON, BRAD BANEY, and JOHN DOES 1-5, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Partial Motion to Dismiss Fourth Amended Complaint and Brief in Support (Dkt. 19). The matter is fully briefed, and for reasons set forth below, the Motion (Dkt. 19) is **GRANTED IN PART** and **DENIED IN PART**.

### *Background*

On January 12, 2022, Jerry Dayle Gage was arrested on a warrant for failure to appear. Mr. Gage, 78 years old and suffering from mental and physical infirmities, was held as a pre-trial detainee at Pottawatomie County Public Safety Center ("PCPSC"). Breonna R. Thompson was the Executive Director of PCPSC at the time.

On March 12, 2022, a disturbance among the inmates led PCPSC employee Lieutenant Brad Baney to direct that Mr. Gage be placed in a cell with Blake Trojanowski, a violent offender under assessment for possible mental health issues. Within a day of that

1

placement, Mr. Trojanowski savagely assaulted the elderly Mr. Gage. Mr. Gage was transported to OU Medical Center for treatment, but he tragically passed away from his injuries thirteen days later. Mr. Gage is survived by his three sons, Plaintiffs in this action: Russel Gage, appearing both individually and as the administrator of his father's estate, Robbie Gage, and Brandon Gage.

In their Fourth Amended Complaint (Dkt. 18),[1] Plaintiffs assert four causes of action, all founded on 42 U.S.C. § 1983:

1. Deliberate Indifference;

2. Deliberate Indifference Resulting in Wrongful Death;

3. Improper Training and Supervision;

4. Deprivation of Familial Association.

In the present Motion (Dkt. 19), Defendants move for partial dismissal of the Fourth Amended Complaint as detailed below.

### *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[2] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the

---

[1] No explanation is provided for the successive amended complaints, which were filed without leave of the Court as required by Fed. R. Civ. P. 15(a)(2) (given their multiple Motions to Dismiss (Dkts. 14, 16, 19), the Court assumes that Defendants did not provide written consent for the repeated amendments) and Local Rule LCvR15.1.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

plaintiff."[3] While factual allegations are taken as true, a court need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough.[5]

### *Analysis*

Defendants move for partial dismissal along four lines. Plaintiffs have conceded two of those issues. First, Plaintiffs concede that only Russel Gage, acting as administrator of his father's estate, has standing to pursue the first three causes of action.[6] These three claims relate to alleged violations of Jerry Gage's constitutional rights, and therefore support only a survival action brought by his estate.[7] Accordingly, the first, second, and third causes of action of the Fourth Amended Complaint are **DISMISSED** as to the individual Gage Plaintiffs. Next, Plaintiffs concede that the claims against Defendant Breonna R. Thompson in her official capacity are duplicative of their claims against Defendant PCPSC Trust.[8] Accordingly, the claims against Defendant Breonna R. Thompson in her official capacity are **DISMISSED**. The Court will separately address the two remaining grounds for the motion.

---

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.*

[6] Pls.' Resp. (Dkt. 20), at 2.

[7] *See, e.g.*, *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506–07 (10th Cir. 1990).

[8] Pls.' Resp. (Dkt. 20), at 3; *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

## I. Claims Against Defendant Baney in His Official Capacity

Section 1983 provides that any person acting under color of law who deprives a United States citizen of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]"[9] To hold an entity or person accountable, a plaintiff generally must show that the alleged violative actions were "representative of an official policy or custom" or "taken by an official with final policy-making authority."[10] Defendants argue that Defendant Lieutenant Baney did not wield final policy-making authority, and therefore that Plaintiffs have failed to plausibly state a § 1983 claim against him in his official capacity. Defendants note that the Fourth Amended Complaint alleges that Defendant Thompson, as executive director of PCPSC, was the final policy maker for the institution.[11] And while the Fourth Amended Complaint also alleges that "final decisionmaking authority" was delegated to Defendant Baney, Defendants argue that this was only discretionary, operational-level authority, not policy-making authority.

Plaintiffs respond that their allegations that Defendant Baney was delegated final authority, and that "his decisions on matters of classification and housing were not subject to review by a higher authority," is sufficient to plead their claims.[12] They note that "final

---

[9] 42 U.S.C. § 1983.

[10] *See Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1249 (10th Cir. 1999).

[11] Fourth Am. Compl. (Dkt. 18), ¶ 9(b).

[12] Fourth Am. Compl. (Dkt. 18), ¶ 11(b).

decisionmaking authority may be delegated," and that a policy created by a lower-ranking official may nevertheless be adopted as official policy by the institution at large.[13]

In their Reply (Dkt. 21), Defendants push back that even if Defendant Baney had been delegated decisionmaking authority with regard to some operational matters, that "does not necessarily entail that he had final policymaking authority regarding those issues."[14]

The Court finds that Plaintiffs have plausibly alleged that Defendant Baney exercised final policy-making authority, and that he is therefore subject to § 1983 claims in his official capacity. It is true, as Defendants argue, that the alleged delegations do not "necessarily entail" that Defendant Baney was an official with final policy-making authority. But they do potentially entail that conclusion. Taking the allegations as true and viewing them in the light most favorable to the plaintiff, the Court finds that Plaintiffs have pleaded sufficient facts to plausibly state a claim against Defendant Baney in his official capacity.

## II. Substantive Due Process Claims

Plaintiffs' fourth cause of action stems from the alleged deprivation of "their rights to companionship and society with their father, Jerry Gage, in violation of the Fourteenth Amendment."[15] Such substantive due process claims, directed against the allegedly

---

[13] *See Ware v. Unified Sch. Dist. No. 492*, 902 F.2d 815, 817 (10th Cir. 1990) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737–38 (1989)).

[14] Defs.' Reply (Dkt. 21), at 3.

[15] Fourth Am. Compl. (Dkt. 18), ¶ 131.

tortious act of an executive official, must rise to the level of shocking the judicial conscience.[16] Regarding the right of familial association, a plaintiff must allege "*intent* to interfere" with that right, "that is, the state actor must have directed conduct at the familial relationship 'with knowledge that the statements or conduct will adversely affect that relationship.'"[17]

Defendants argue that the fourth cause of action is barred by the applicable statute of limitations, and that Plaintiffs have failed to plead a plausible claim of deprivation of the right of familial association. Defendants argue that the Fourth Amended Complaint fails to allege any facts indicating that the Defendants intended to deprive the individual Gage Plaintiffs of their relationship with their father.

In their Response (Dkt. 20), Plaintiffs note that the Fourth Amended Complaint specifically alleges that Defendant Baney knew or should have known "that placing Mr. Gage in a cell with a violent and mentally ill felon could result in serious harm or injury to Mr. Gage," and that "Defendant knew that Mr. Gage being murdered while detained would interfere in his familial relationships."[18] Plaintiffs argue that the allegations of "Defendants' intentional acts that resulted in the deprivations complained of and which Defendants' knew or should have known would have resulted in such deprivations" are enough to plausibly state a claim.[19]

---

[16] *Doe v. Woodard*, 912 F.3d 1278, 1300–01 (10th Cir. 2019).

[17] *Id.* (quoting *Lowery v. City of Riley*, 522 F.3d 1086, 1092 (10th Cir. 2008)).

[18] Fourth Am. Compl. (Dkt. 18), ¶ 131.

[19] Pls.' Resp. (Dkt. 20), at 5.

Defendants reply that whether Defendant Baney intentionally placed Mr. Gage with Mr. Trojanowski is immaterial. The intent relevant to this claim is intent to interfere with the familial relationship. Defendants again argue that the Fourth Amendment Complaint fails to plausibly allege that kind of intent on behalf of Defendants.

The Court assumes without deciding that the fourth cause of action is not barred by the statute of limitations. Upon review, the Court finds that Defendants have the better of the substantive argument. Taking the factual allegations as true and viewing them in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have failed to plead a § 1983 claim for deprivation of familial association. "[N]ot every statement or act that results in an interference with the rights of familial association is actionable."[20] Even accepting as true that Defendant Baney knew that his conduct would adversely affect the Gage Plaintiffs' relationship with their father, Plaintiffs have not plausibly alleged that Defendant Baney's conduct was directed at that relationship. Accordingly, the substantive due process cause of action of the Fourth Amended Complaint must be **DISMISSED**.

### Conclusion

For the above-discussed reasons, Defendants' Partial Motion to Dismiss (Dkt. 19) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The first, second, and third causes of action of the Fourth Amended Complaint (Dkt. 18) are **DISMISSED** as to the individual Gage Plaintiffs.

---

[20] *Lowery*, 522 F.3d at 1092 (quoting *J.B. v. Washington Cnty.*, 127 F.3d 919, 927 (10th Cir. 1997)).

2. The claims against Defendant Baney in his official capacity are plausibly alleged and may proceed.

3. The claims against Defendant Thompson in her official capacity are **DISMISSED**.

4. The fourth cause of action of the Fourth Amended Complaint (Dkt. 18) is **DISMISSED**.

**IT IS SO ORDERED** this 16th day of May 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE