IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUSSELL GAGE, as Special Administrator of the Estate of Jerry Dayle Gage, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-23-889-PRW |
| POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Defendants Pottawatomie County Public Safety Center Trust and Breonna Thompson, individually ("Defendants"), by and through counsel of record, submit the following objections to Plaintiff's Proposed Jury Instructions. (Doc. 116).

Defendants object to Plaintiff's Proposed Jury Instruction No. 1, "Nature of the Case." (Doc. 116, p. 1). The proposed instruction fails to properly outline the Defendants' position in this case. Defendants believe their proposed instruction is more appropriate.

Defendants object to Plaintiff's Proposed Instruction No. 2, "Burden of Proof." (Doc. 116, p. 3). It is unnecessary and confusing to reference the criminal standard of beyond a reasonable doubt.

Defendants object to Plaintiff's Proposed Instruction No. 4, "Evaluating Testimony" (Doc. 116, p. 5) on the basis that it conflates what Defendants believe should be three separate instructions into one. Defendants believe that their Proposed Jury Instruction Nos. 8-10 (Doc. 109, pp. 11-14) are more appropriate.

Defendants object to Plaintiff's Proposed Instruction No. 6, "Underlying Failure to Protect" as phrased. (Doc. 116, p. 7) Defendants believe that the language should read "To establish an underlying constitutional violation by a jail official, Plaintiff must show the official acted with deliberate indifference by proving each of the following by a preponderance of the evidence:" Furthermore, Defendants object to not defining "deliberate indifference" and request that the following language from Defendants' Proposed Instruction No. 18 (Doc. 109, pp. 24-25) be included: "In this context, an employee or agent acts with 'deliberate indifference' when that employee knew that a detainee faced a substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to address it. Deliberate indifference is established if a person was aware of facts from which to infer that a substantial risk of serious harm existed, and drew the inference, but then disregarded it. You may conclude an employee knew of the risk of harm from circumstantial evidence or from the fact that the risk was obvious, if that is your finding."

Defendants object to Plaintiff's Proposed Instruction No. 10, "Institutional Deliberate Indifference," as phrased. (Doc. 116, p. 12). Defendants specifically object to the final paragraph of that instruction in that it is not related to the actual standard of deliberate indifference and is thus confusing. Also, that paragraph improperly tells the jury which evidence is relevant and thus invades the province of the jury to decide that issue.

Defendants object to Plaintiff's Proposed Instruction No. 11, "Factual and Proximate Causation," as phrased. (Doc. 116, pp. 13-14). Defendants specifically object to the language in the third paragraph that reads "Decide whether an assault of the kind that

occurred was a reasonably foreseeable consequence of the constitutional violation you find," as it improperly suggests that the jury should find a violation. Defendants propose that the language read "Decide whether an assault of the kind that occurred was a reasonably foreseeable consequence of the Defendants' conduct."

Defendants object to Plaintiff's Proposed Instruction No. 14, "One Recovery for the Same Injury," as phrased. (Doc. 116, p. 17). Defendants specifically object to the language at the start of the second paragraph, which reads "You are not asked to award separate damages to Mr. Gage's relatives for their personal losses." Defendants request that sentence read: "Do not award separate damages to Mr. Gage's relatives for their personal losses."

Defendants object to the inclusion of Plaintiff's Proposed Instruction No. 15, "Punitive Damages Against Thompson." (Doc. 116, p. 18). Defendants do not believe that the evidence warrants such an instruction.

Defendants object to the inclusion of Plaintiff's Proposed Jury Instruction No. 16, "Amount of Punitive Damages." (Doc. 116, p. 19). Defendants do not believe that the evidence warrants such an instruction.

Defendants object to the Plaintiff's Proposed Verdict Form and request that the Court utilize the Defendants' Proposed Verdict Form. (Doc. 109, pp. 48-49).

WHEREFORE, premises considered, Defendants Pottawatomie County Public Safety Center Trust and Breonna Thompson, individually, request the Court offer jury instructions consistent with these objections and with Defendants' Proposed Jury Instructions (Doc. 109) previously submitted to this Court.

Respectfully submitted,

s/ Kelly E. Collins
Wellon B. Poe, OBA No. 12440
Jamison C. Whitson, OBA No. 18490
Kelly E. Collins, OBA No. 31967
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: wbp@czwlaw.com
jcw@czwlaw.com
kec@czwlaw.com

*ATTORNEYS FOR DEFENDANTS POTTAWATOMIE COUNTY PUBLIC SAFETY CENTER TRUST AND BREONNA THOMPSON*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly
205 N.W. 63rd Street, Suite 150
Oklahoma City, OK 73116

Debra K. Hampton
Hampton Law Office, PLLC
3126 S. Blvd., Suite 304
Edmond, OK 73013

Chanda R. Graham
Chanda Graham, PLLC
300 N.W. 144th Street
Edmond, OK 73013

***Attorneys for Plaintiff***

s/ Kelly E. Collins

Kelly E. Collins